1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                          Plaintiff,

        v.

ASHEN DESHEV, BREANNE
CARAWAY, et al.,

CASE NO. 2:19-cv-580-RSM-BAT

**REPORT AND
RECOMMENDATION**

12      Before the Court is the fourteenth *pro se* complaint plaintiff has filed since June 2018,

13 seeking 42 U.S.C. § 1983 relief, Dkt. 5, and a motion for a Preliminary Injunction. Dkt. 6.  By

14 separate order the court has granted plaintiff permission to proceed *in forma pauperis*. Dkt. 4.

15 For the reasons below, the Court recommends **DISMISSING** the complaint in this case without

16 prejudice, and **DENYING** the motion for a preliminary injunction.

17      Plaintiff, is a former inmate of the Monroe Correctional Complex of the Washington

18 State Department of Corrections, and a current prisoner confined at the Snohomish County Jail.

19 On April 17, 2019, plaintiff submitted for filing a complaint seeking 42 U.S.C. § 1983 relief. As

20 defendants, plaintiff names Asen Deshev, Breanne Caraway, Eric Jackson and Steven Ewing. On

21 April 19, 2019, plaintiff filed a motion for a preliminary injunction. Dkt. 6.

22      The complaint revolves around sanctions imposed on plaintiff in April 2018 while he was

23 a prisoner at the Monroe Correctional Complex that plaintiff claims "prohibited him from having

books, photographs and publications. Dkt. 5 at 4. Plaintiff alleges the sanctions were "scheduled"

REPORT AND RECOMMENDATION - 1

1    by defendant Caraway and imposed by defendant Ewing. Additionally, plaintiff alleges

2    defendant Deshev approved and authorized defendant Caraway's sanctions schedule and that

3    defendant Jackson did not respond to service kites plaintiff submitted. The complaint further

4    alleges that:

5           Plaintiff Eckard was released from prison on September 4, 2019
            [sic]. As a result no administrative remedies are available to him
6           and as such he is not subject to the exhaustion rule of Section
            1997e(a).
7

8    Plaintiff seeks monetary damages and that the Court order the Monroe Correctional Complex to

9    provide plaintiff with certain documentary materials.

10          Plaintiff's contention that his complaint is not subject to the exhaustion requirement

11   shows that he has in fact not exhausted his administrative remedies as to the claim contained in

12   the complaint. His contention that he is excused from the exhaustion requirement is meritless.

13          The Prison Litigation Reform Act ("PLRA") "requires that a prisoner such as plaint who

14   is challenging prison conditions to exhaust available administrative remedies before filing suit."

15   *Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc) (citing 42 U.S.C. § 1997e(a).[1] The

16   definition of "prisoner" in regards to the PLRA is explicit: "As used in this section [28 U.S.C. §

17   1915], the term "prisoner" means any person incarcerated or detained in any facility who is

18   accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law

19   or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28

20   U.S.C. § 1915(h); *see also* 42 U.S.C. § 1997e(h) (identical language).

21

22   _____

23   [1] "No action shall be brought with respect to prison conditions under section 1983 of this
     title, or any other Federal law, by a prisoner confined in any jail, prison, or other
     correctional facility until such administrative remedies as are available are exhausted."
     42 U.S.C. § 1997e(a)

     REPORT AND RECOMMENDATION - 2

1          Hence a civil litigant is a "prisoner" if he or she is "currently detained as a result of

2  accusation, conviction, or sentence for a criminal offense." *Page v. Torrey*, 201 F,3d 1136, 1139

3  (9th Cir. 2000). Plaintiff is a "prisoner" because he is detained at the Snohomish County jail,

4  pending the adjudication of criminal charges or serving a criminal sentence, and filed the present

5  complaint while detained at the jail. The fact plaintiff is no longer detained in the Department of

6  Corrections is irrelevant because this does not alter the plain fact that plaintiff is a "prisoner" as

7  the term is used under the PLRA, when he filed the instant complaint, and is still a "prisoner."

8  Because the PLRA exhaustion requirement applies with full force to plaintiff who is a prisoner,

9  and because plaintiff failed to exhaust his administrative remedies the present complaint should

10  be dismissed without prejudice.

11          The Court should also dismiss plaintiff's motion for a preliminary injunction. Dkt. 6. The

12  motion requests the Court order the Department of Corrections at the Monroe Correctional

13  Complex to provide plaintiff with property that plaintiff alleges is evidence in support of the

14  claim he filed in the complaint above. *Id.* However, because the complaint above should be

15  dismissed, the Court should deny the motion for preliminary injunction.

16                        **CONCLUSION**

17          The Court accordingly recommends dismissing the complaint without prejudice. Leave to

18  amend the complaint should not be granted because no amendment will alter the fact that

19  plaintiff is currently a prisoner, and that the complaint is accordingly barred because plaintiff has

20  not exhausted his administrative remedies.  As the complaint should be dismissed the Court

21  should also deny the motion for preliminary injunction.

22

23

REPORT AND RECOMMENDATION - 3

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 6, 2019.** The Clerk should note the matter for **May 10**, **2019**, as ready for the District Judge's consideration. Objections shall not exceed five **(5)** pages.  The failure to timely object may affect the right to appeal.

DATED this 22nd day of April, 2019.


BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4