UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD

                       Plaintiff,

    v.

ASHEN DESHEV, *et al.*,

                       Defendants.

CASE NO. C19-00580-RSM

ORDER DISMISSING ACTION AND DENYING MOTION FOR PRELIMINARY INJUNCTION

      Plaintiff Gabriel Eckard proceeds *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, previously an inmate at the Monroe Correctional Complex of the Washington State Department of Corrections ("MCC"), was moved to Snohomish County Jail on September 4, 2018. On April 10, 2019, Plaintiff filed claims relating to his prior confinement at the MCC, naming Ashen Deshev, Breanne Caraway, Eric Jackson and Steven Ewing as Defendants. On April 22, 2019, Magistrate Judge Brian A. Tsuchida issued a Report and Recommendation ("R&R") recommending that the Court dismiss this matter without prejudice and deny Plaintiff's motion for preliminary injunction. Dkt. #7. Plaintiff filed his Objections to the R&R on May 1, 2019. Dkt. #8.

ORDER DISMISSING ACTION
PAGE - 1

Plaintiff alleges that Defendants violated his constitutional rights during his imprisonment at the MCC by scheduling and imposing sanctions that "prohibited him from having books, photographs and publications," as well as restrictions on library access, telephone use, and visitation. Dkt. #5 at 3-4. The sanctions were scheduled to run consecutively from April 1, 2018 through the year 2022. *Id.* Plaintiff claims that defendant Deshev approved the sanctions, defendant Caraway authorized them, and defendant Jackson did not respond to Plaintiff's kite—a message system that allows an inmate's written note to be sent to a Corrections Counselor or Community Corrections Officer. On April 19, 2019, Plaintiff filed a motion for preliminary injunction requesting that this Court order the MCC to return to Plaintiff a manila envelope with documentary materials related to this action. Dkt. #6.

The Court has reviewed Plaintiff's Complaint, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Plaintiff's Objections thereto, and the remaining record. The Court agrees with the R&R's conclusion that Plaintiff was required to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 and failed to do so. Accordingly, his complaint should be dismissed without prejudice.

## ANALYSIS

Before a prisoner may bring a federal lawsuit under section 1983, the Prison Litigation Reform Act of 1995 ("PLRA") requires that he exhaust all available administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc) (citing 42 U.S.C. § 1997e(a)). The Prison Litigation Reform Act of 1995 provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a) (2000 ed.) (emphasis added). Claims that are not exhausted under the PLRA must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Plaintiff Eckard contends that he is exempt from the PLRA's exhaustion requirement, arguing that administrative remedies were unavailable because of his transfer on September 4, 2018 to the Snohomish County Jail:

> Plaintiff Eckard was released from prison on September 4, 2019 [sic]. As a result no administrative remedies are available to him and as such he is not subject to the exhaustion rule of Section 1997e(a).

However, the exhaustion requirement is not rendered obsolete strictly because of a prisoner's transfer to another correctional facility. *May v. Snaza*, No. C14-5695 RBL-KLS, 2014 WL 5605061, at *3 (W.D. Wash. Nov. 4, 2014) (prisoner's transfer from Thurston County Jail to Lewis County Jail does not exempt Plaintiff from exhaustion requirement prior to bringing suit). *See also Medina Claudio v. Rodriguez—Mateo,* 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit."). *Meier v. Correct Care Sols.*, No. C17-5248 BHS-TLF, 2018 WL 3532921 (W.D. Wash. July 23, 2018) (transfer from Clark County Jail to Washington Department of Corrections Custody did not affect prisoner's obligation to exhaust administrative remedies).

Nevertheless, in certain situations, courts acknowledge that a prisoner's transfer precludes him from exhausting his administrative remedies. Such instances involve plaintiffs transferred shortly after the alleged grievance occurred. *See King v. Coleman* (2007) (plaintiff was in county custody only for van ride before transfer to Department of Corrections); *see also Bradley v. Washington*, 441 F.Supp.2d 97 (D.D.C. 2006) (transfer occurred less than a month following the alleged incidents).

ORDER DISMISSING ACTION
PAGE - 3

Here, Plaintiff's alleged grievance occurred at least five months before his transfer out of the MCC. Plaintiff objects to the R&R on the basis that he cannot exhaust his administrative remedies, given that only prisoners in custody of Washington Department of Corrections may use the MCC's grievance procedure. Dkt. #8 at 3. He directs the Court to the Washington Offender Grievance Program Manual ("OGPM"), the Washington Department of Correction's administrative scheme for resolution of inmate grievances. *See id*. Yet the OGPM clarifies that the routine grievance policy "should be completed within 90 working days," with an initial response to an offender's complaint provided "within 5 working days of the date of receipt." OGPM at 20. Plaintiff states that he attempted to resolve the issue with defendant Jackson through sending a kite but received no response. Dkt. #5 at 4. Plaintiff provides no indication of any other action taken to pursue his grievance in the several months before his transfer.

Accordingly, the Court finds that the PLRA exhaustion requirement applies to Plaintiff, and Plaintiff failed to exhaust his administrative remedies. The Court dismisses Plaintiff's complaint without prejudice. Plaintiff also filed a motion for preliminary injunction in this case requesting the Court to order the return of property with evidence in support of the claim filed in this action. Dkt. #6. The Court has dismissed Plaintiff's complaint and therefore denies the motion for preliminary injunction.

## CONCLUSION

The Court, having reviewed Plaintiff's civil rights complaint, the Report and Recommendation of Brian A. Tsuchida, United States Magistrate Judge, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation, Dkt. #7;

(2) Plaintiff's complaint is **DISMISSED without prejudice**; and the motion for

ORDER DISMISSING ACTION
PAGE - 4

preliminary injunction is **DENIED**;

(3) The Clerk is directed to send copies of this Order to the parties and to the Honorable Brian A. Tsuchida.

DATED this 10 day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION
PAGE - 5